# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2015

Lyle W. Cayce
Clerk

No. 14-41328
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BOBBY MARTINEZ, also known as Ranchero,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CR-71

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Bobby Martinez appeals his jury trial conviction for conspiracy with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine. He contends there was insufficient evidence to sustain his conviction. In support, Martinez argues that mere association is insufficient to prove conspiracy and that the testimonies of his coconspirators are self-serving and incredible.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41328

We review a preserved challenge to the sufficiency of the evidence de novo and analyze "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  We review a forfeited challenge to the sufficiency of the evidence under the plain error standard to determine whether there has been a manifest miscarriage of justice.  *United States v. Delgado*, 672 F.3d 320, 328-31 & n.9 (5th Cir. 2012) (en banc).  Even under the ordinary standard of review, the evidence was sufficient and certainly does not rise to the level of plain error.  *See Delgado*, 672 F.3d at 331; *Zamora*, 661 F.3d at 209.  Martinez was not merely associated with (or tangentially related to) the conspiracy charged.  *Cf. United States v. Jackson,* 700 F.2d 181, 185-86 (5th Cir. 1983).  Instead, according to the testimony of cooperating witnesses, Martinez took an active role in storing and delivering cocaine.  Determining the credibility of those witnesses was the jury's responsibility.  *See United States v. Garcia*, 567 F.2d 721, 731 (5th Cir. 2009).  Their testimonies substantially match and are not incredible as a matter of law.  *See id.*; *United States v. Osum*, 943 F.2d 1394, 1405 (5th Cir. 1991).

The judgment of the district court is AFFIRMED.